UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CURTIS JAMES JACKSON, III, | : | 3:17cv550(WWE) |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| WILLIAM LEONARD ROBERTS, II, | : | |
|     Defendant. | : | |

**RULING ON DEFENDANT'S MOTION TO DISMISS, PLAINTIFF'S MOTION FOR SANCTIONS, and DEFENDANT'S MOTION FOR SANCTIONS**

As part of a Chapter 11 bankruptcy case, plaintiff Curtis James Jackson, III, filed a complaint against defendant William Leonard Roberts, II. In an amended complaint, plaintiff asserted a state common law claim for violation of the right of publicity, alleging that defendant made unauthorized use of plaintiff's stage name, his voice and his identity for commercial purposes to promote defendant's album.

Now pending are defendant's motion to dismiss and/or alternative motion for judgment as to the amended complaint and cross motions for sanctions. For the following reasons, the motions will be denied.

## DISCUSSION

In connection with the bankruptcy proceeding, defendant filed a motion to dismiss for lack of personal jurisdiction, failure to state a claim, or to transfer to the Northern District of Georgia. United States Bankruptcy Judge Ann Nevins denied the motion to dismiss for lack of personal jurisdiction and for failure to state a claim on the merits. She found as moot the alternative motion to transfer in light of the parties'

1

expressed intent to file a joint motion to withdraw the reference to the Bankruptcy Court so that the District Court could decide the case.

The parties filed a joint motion to withdraw reference and consent to transfer, which contained the following provision:

> The Parties stipulate and agree that personal jurisdiction, subject matter jurisdiction, and venue would be proper before the District Court. While Defendant waives any right to challenge personal jurisdiction or venue grounds, Defendant reserves the right to seek dismissal of the Action before the District Court on Rule 12(b)(6), 12(c) or 12(e) grounds (to the extent he has any such rights); provided, however, that nothing herein shall increase, modify, or otherwise confer any additional rights on Defendant to seek such relief in this or any other court.

After Bankruptcy Judge Nevins granted the joint motion to withdraw and consent to transfer, the case was transferred to this Court. Defendant filed an answer and then a motion to dismiss and/or alternative motion for judgment as to the amended complaint.

In his motion to dismiss or alternative motion for judgment, defendant asserted the identical arguments to dismiss for failure to state a claim made in his motion to dismiss filed in the bankruptcy action. Plaintiff objects to the motion to dismiss on the grounds that the Bankruptcy Court has already considered and denied defendant's arguments for dismissal; that the consent motion for transfer provided that defendant would not file a motion to dismiss that had already been resolved by the Bankruptcy Court; and that defendant has not met the standard for a motion for reconsideration because the instant motion was not timely filed and does not assert any grounds for dismissal based upon error or upon new law or evidence.

Plaintiff's motion for sanctions asserts that defendant's filing of a nearly duplicative motion to dismiss after denial of his prior motion by the Bankruptcy Court is grounds for sanctions. Additionally, plaintiff maintains that defendant has made misrepresentations in his brief, including an implication that plaintiff had waived his defenses applicable to the law of the case doctrine and the standards applicable to motions for reconsideration. Plaintiff argues that defendant has mischaracterized the provision in the consent motion to transfer providing that defendant had the "right to seek dismissal of the Action before the District Court on Rule 12(b)(6), 12(c) or 12(e) grounds;" plaintiff points out that defendant omitted the language that such right was limited "to the extent that he has any such rights" and that nothing within the consent motion "shall increase, modify, or otherwise confer any additional rights on Defendant to such relief in this or any other court."

Defendant's cross motion for sanctions argues that plaintiff has made misrepresentations in its papers and has engaged in misuse of Rule 11 by "turning it into a sword against meritorious actions."

Upon review of the moving papers and the Bankruptcy Court decision, the Court agrees with the reasoning of the Bankruptcy Court decision. Accordingly, the Court will deny the motion to dismiss on the same grounds as the Bankruptcy Court.

The Court will also deny the motions for sanctions. In determining whether Rule 11 sanctions are warranted, the Court should consider, <u>inter alia</u>, whether a party acted in bad faith, relied on falsehood and whether the claim was utterly lacking in support. <u>TufAmerica, Inc. v. Codigo Music LLC</u>, 2017 WL 3457599, at *7 (S.D.N.Y. Aug. 11,

2017).  A pleading or motion violates Rule 11 if it was filed for an improper purpose, or if a competent attorney could not form a reasonable belief that the pleading was well grounded in fact and was warranted by existing law or a good faith argument. Kropelnicki v. Siegel, 290 F.3d 118, 131 (2d Cir. 2002).  In determining whether there has been a Rule 11 violation, courts apply "an objective standard of reasonableness." New V & J Produce Corp. v. NYCCatererers Inc., 2014 WL 5026157, at *5 (S.D.N.Y. Sept. 29, 2014).

The Court will deny the plaintiff's motion for sanctions.  Although defendant's motion has not satisfied the standards for a motion for reconsideration, defendant did not act wholly unreasonably by seeking District Court review of the Bankruptcy Court decision shortly after transfer of the case to this Court.  Defendant was not likely to prevail on his motion to dismiss and was not forthcoming with all of facts concerning the prior proceeding.  Nevertheless, the Court finds that defendant's conduct does not rise to the level of sanctionable conduct.  At the same time, the Court will deny the defendant's motion for sanctions.  Plaintiff's motion for sanctions does not appear to have been filed in bad faith and is not so warrantless as to merit sanctions.

## CONCLUSION

For the foregoing reasons, the motion to dismiss [doc. 13] is DENIED; the motions for sanctions [docs. 23 and 28] are also DENIED.

Dated this __28__ day of September, 2017 at Bridgeport, Connecticut.

        /s/Warren W. Eginton
        WARREN W. EGINTON
        SENIOR U.S. DISTRICT JUDGE